STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. SPENCER W. DILLON, RESPONDENT.

581 N.W. 2d 893

Filed July 17, 1998.   No. S-98-581.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

Respondent, Spencer W. Dillon, was admitted to the practice of law in the State of Nebraska on June 27, 1972. On May 14, 1998, the Nebraska State Bar Association filed charges against respondent with the Committee on Inquiry of the Second Disciplinary District.

Count I of the charges alleged that in 1996, respondent settled a personal injury case for a client in the amount of $18,000.

From the settlement proceeds, respondent paid himself a one-third contingency fee and retained in his trust account $665 to pay one of the client's medical providers. Respondent did not pay the medical provider. The client was sued, and a judgment was obtained against her.

When the client notified respondent of the judgment, he assured her that he would take care of the matter and that it would not impact her credit record. Respondent thereupon paid the judgment, costs, attorney fees, and interest, but he was unable to have the judgment set aside.

The client subsequently learned that the judgment appeared on her credit report, and she filed a complaint against respondent with the Nebraska State Bar Association. Count I alleges that respondent violated his oath of office as an attorney and Canon 1, DR 1-102; Canon 6, DR 6-101; and Canon 9, DR 9-102, of the Code of Professional Responsibility, as adopted by the Nebraska Supreme Court.

Count II alleges that in July 1997, respondent settled a personal injury claim for a client and, as a part of the claim, was required to pay the client's health insurance company pursuant to its subrogation rights. A check was issued in the amount of $7,939.36 payable to the health insurance company, Mail Handlers Benefit Plan (Mail Handlers), and respondent.

Subsequently, a check issued by respondent to Mail Handlers from his trust account was returned to Mail Handlers by respondent's bank due to insufficient funds in the trust account. When Mail Handlers notified respondent of the returned check, he issued a second trust account check, which was honored by his bank. Count II alleges that respondent violated his oath of office as an attorney, DR 1-102, and DR 9-102.

Count III alleges that without informing the above-mentioned client and without the client's consent, respondent entered into a separate agreement with Mail Handlers to represent its subrogation interest for one-third of the amount recovered, and that, in addition, respondent withheld from the settlement proceeds $39 to repay the client's car insurance company pursuant to its subrogation rights. Without informing his client and without his client's consent, respondent entered into a separate agreement with the car insurance company to represent its

subrogation interest. Count III alleges that respondent violated his oath of office as an attorney; DR 1-102; Canon 2, DR 2-106; and Canon 5, DR 5-106 and 5-107.

Count IV alleges that respondent represented a client regarding a workers' compensation claim that resulted in a monthly award to the client of $32.26 from her employer's insurance company, Sentry Insurance. In September 1997, Sentry Insurance issued a check to the client in the amount of $32.26 and sent the check to respondent for delivery to the client. Respondent altered the check by adding his name to it and then sent the check to the client with instructions that she sign it and return it to him. In October, a similar check was issued to the client and sent to respondent for delivery to her. Respondent altered this check by adding his name to it and then sent the check to the client with the same instructions.

The client refused to sign the altered checks and notified Sentry Insurance of respondent's unauthorized addition of his name to her checks. Sentry Insurance filed a disciplinary complaint against respondent, and in response to the complaint, respondent admitted that he altered the checks issued to his client and that he did not have his client's consent to do so. Count IV alleges that respondent's acts constitute forgery in the second degree, a Class I misdemeanor, in violation of the criminal statutes of Nebraska, and violate respondent's oath of office as an attorney and DR 1-102.

Count V alleges that respondent represented another client in a personal injury claim arising from an automobile accident occurring June 12, 1995. On August 19, 1997, respondent forged a letter purportedly from the client's treating chiropractor and submitted the letter to the insurance company representing the party who injured the client for purposes of inducing a settlement for the client. Respondent settled the case based in part upon the forged letter. The chiropractor denied signing, writing, or authorizing such a letter. Count V alleges that respondent violated his oath of office as an attorney; DR 1-102; and Canon 7, DR 7-102.

Respondent has filed a voluntary surrender of his license to practice law. Therein, respondent admits the allegations set forth in counts I, II, and III. For purposes of this voluntary sur-

render of license, respondent does not desire to contest the allegations set forth in counts IV and V. Respondent admits that his conduct violated his oath of office as an attorney; DR 1-102(A)(1), (4), and (5); DR 2-106(A); DR 5-106(A); DR 5-107(A)(1); DR 6-101(A)(3); DR 7-102(A)(4), (5), and (6); and DR 9-102(A) and (B)(3). Respondent has freely and voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, or hearing prior to the entry of such an order.

The court hereby accepts respondent's surrender of his license to practice law and orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 1996), and upon failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

WRIGHT, J., not participating.